UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Civil No.: 3:18-cv-1532 [     ] |
| | : | |
| v. | : | |
| | : | |
| $120,020.25 in United States Currency, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| [CLAIMANT: BOBBIE MITCHELL] | : | September 11, 2018 |

**<u>VERIFIED COMPLAINT OF FORFEITURE</u>**

Now comes Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and David X. Sullivan, Assistant United States Attorney, and respectfully states that:

1. This is a civil action <u>in</u> <u>rem</u> brought to enforce the provisions of 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 <u>et</u> <u>seq</u>.; and 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property which constitutes or is derived from proceeds traceable to any listed violation of law or any offense constituting "specified unlawful activity," or a conspiracy to commit such offense.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3. The Defendant is as follows: One Hundred Twenty Thousand and Twenty Dollars and Twenty Five Cents in United States currency, or $120,020.25 in United States currency ("Defendant Currency").

4. The Defendant Currency is located within the jurisdiction of this Court.

1

5. The Defendant Currency is currently in the custody of the United States Marshals Service.

6. On June 13, 2018, Bobbie Mitchell ("Claimant") submitted an administrative claim of ownership as to the Defendant Currency.

Background of Investigation

7. On April 2, 2018, law enforcement in Pennsylvania obtained an arrest warrant for Bobbie J. Mitchell, Jr., also known as Bobbie Mitchell ("Claimant"), based on first-degree murder charges pursuant to a homicide that occurred on April 1, 2018, in Pottstown, Pennsylvania. Subsequently, law enforcement suspected that the Claimant had traveled to the vicinity of 44 Armand Drive, Waterbury, Connecticut. On April 3, 2018, the Montgomery County Homicide Unit in Norristown, Pennsylvania contacted the Waterbury Police Department and asked for assistance in apprehending the Claimant.

8. On April 3, 2018, law enforcement obtained copies of the arrest warrant and proceeded to establish surveillance in the vicinity of 44 Armand Drive, Waterbury, Connecticut. Among the vehicles in a parking lot adjacent to that address was a 2015 Chevrolet Malibu, featuring a Pennsylvania registration number. At approximately 3:00 P.M., the Claimant was observed leaving 44 Armand Drive with a woman, later identified as Denequa B. Butler, and getting into the 2015 Chevrolet Malibu. At that time, law enforcement took the Claimant into custody without incident. Further information revealed that the 2015 Chevrolet Malibu is owned by Denequa B. Butler, and that the Claimant's sister, Tanika Dawkins, lives at 44 Armand Drive, Apartment D.

9. Based on the information gathered in this investigation and the outstanding murder charges against the Claimant, on April 3, 2018, Honorable Judge Salvatore C. Agati, Connecticut Superior Court Judge for the Judicial District of Waterbury, signed two State of

Connecticut Search and Seizure Warrants for the 2015 Chevrolet Malibu and for 44 Armand Drive, Apartment D, Waterbury, Connecticut.

10. Later that day, the warrants were executed upon the 2015 Chevrolet Malibu and 44 Armand Drive, Apartment D. Law enforcement seized a large amount of currency, later inventoried as $120,020.25 in United States currency ("Defendant Currency"), which was located in a black duffel bag in the vehicle's trunk. No other items were seized from the vehicle or the apartment.

11. In the late evening hours of April 3rd and early morning hours of April 4th, 2018, law enforcement explained the specific charges against him to the Claimant. After the Claimant was read and made aware of his constitutional rights, law enforcement interviewed the Claimant. In response to questioning, the Claimant readily admitted to law enforcement that he was involved in the illegal sale of marijuana. Furthermore, the Claimant admitted that the approximately $120,000.00 in United States currency ("Defendant Currency") seized from the trunk of the 2015 Chevrolet Malibu was the proceeds of his illegal drug sales. While the Claimant never denied being involved in the murder with which he was charged, he stated numerous times that he would only provide a detailed statement about the incident and information about a large scale drug dealer to law enforcement on the conditions that a representative from the Montgomery County District Attorney's Office was present, and that he receive leniency or some type of deal in exchange for this information. Law enforcement repeatedly explained to the Claimant that this would not be possible.

12. On April 4, 2018, the Waterbury Police Department requested that the Connecticut State Police conduct a canine sniff test to determine if narcotics residue was present on the Defendant Currency. A lineup of five similar brown bags was arranged, with the Defendant Currency placed in one of the bags. The canine repeatedly positively alerted to the presence of narcotics in the third bag, which contained the Defendant Currency.

13.     An inquiry with the State of Pennsylvania Department of Labor revealed that the Claimant earned approximately $30,000.00 in 2017 from an individual believed to be a family member, and $4,400.00 in 2016. At the time of his Connecticut arrest, the Claimant appears to have been unemployed. He is currently incarcerated.

14.     On or about June 13, 2018, the Claimant submitted an administrative claim of ownership to Defendant Currency, whereby he represented under the penalties of law that he worked as a licensed barber, and that he had received cash payments and monetary gifts that accounted for the money seized from the black duffel bag discovered in the trunk of the 2015 Chevrolet Malibu. The Claimant's administrative claim was in direct conflict with his post-arrest statements made to law enforcement between April 3-4, 2018, that the $120,020.25 in United States currency was proceeds from his illegal drug sales,

## Claims for Relief

15.     Based upon the above information, it is believed that the Defendant Currency constitutes proceeds from the illegal sale and distribution of narcotics and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

16.     Based upon the above information, it is believed that the Defendant Currency constitutes property or is derived from proceeds traceable to a violation constituting "specified unlawful activity" and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

17.     The Defendant Currency represents proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

18.     The Defendant Currency represents property or proceeds derived from engaging in "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise

dealing in a controlled substance or listed chemical," and is therefore subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, the United States of America prays that a Warrant of Arrest In Rem be issued for the Defendant Currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Currency to be condemned and forfeited to the United States of America for disposition according to the law; and that the United States of America is granted such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

  /s/  David X. Sullivan_____
DAVID X. SULLIVAN
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO.: ct05289
157 CHURCH ST., 25th FLOOR
NEW HAVEN, CT 06510
PHONE NO.: (203) 821-3700
FAX: (203) 773-5392
EMAIL: john.hughes@usdoj.gov

## DECLARATION

I am a Special Agent for the Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of September, 2018.

    /s/ Frank M. Castiglione
FRANK M. CASTIGLIONE
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION